MINNEAPOLIS HARVESTER WORKS, a Corporation, v. McCORMICK HAR-
VESTING-MACH. Co., a Corporation.

(*Circuit Court, D. Minnesota.* September, 1886.)

PATENTS—INTERFERENCES—PATENT-OFFICE DECISIONS — PRELIMINARY INJUNC-
TION—RES ADJUDICATA—REV. ST. § 4915.
  The courts are not bound by the decisions of the United States patent-
  office, when steps are taken to test its validity in an action instituted for that
  purpose; and in an interference case the rights of the defeated party are not
  prejudiced, if he avails himself of the law which virtually transfers the con-
  troversy to the courts. Rev. St. § 4915.

In Equity.
The opinion states the facts.
*John R. Bennett,* for complainant.
*Parkinson & Parkinson,* for defendant.

NELSON, J. Motion is made for a preliminary injunction. A bill
is filed by complainant, charging that defendant is infringing patent
No. 262,883 by the manufacture of a cord-holder attached to grain-
binders, and forming a part thereof. The complainant is the assignee
of Appleby by an instrument dated May 20, 1881, recorded the fol-
lowing June, and the patent sued on was granted to it, as his assignee,
August 15, 1882. The defendant is manufacturing the Appleby
grain-binder, with cord-holder attachment, under patents of its own,
and an alleged paid-up shop-right, secured from Appleby and his as-
sociates in title. The defendant company held a license obtained in
1880, which, as it is claimed, authorized the manufacture of this
cord-holder; and this license was, in the spring of 1882, converted
into a shop-right, under which it is now manufacturing the Appleby
grain-binder, with cord-holder; and it also claims to manufacture
the cord-holder under an invention of one Jewell, owned by it.

The complainant, in substance, urges (1) that the license held by
defendant did not include the cord-holder as a part of the Appleby
machine authorized to be manufactured; and (2) that, in an inter-
ference before the patent-office between the parties to this cause, the
complainant claiming under Appleby and the defendant under one
Jewell, the question of priority was determined in favor of Appleby,
and that, by virtue of this action of the patent-office, it is entitled to
a preliminary injunction. This decision of the office being adverse
to Jewell's claim, the defendant company forthwith filed a bill under
section 4915, Rev. St., praying that a patent be granted to it upon
the Jewell application.

I shall hold at this time, for the purposes of this motion, and un-
til further argument at the final hearing, that the license which re-
sulted in a paid-up shop-right did not authorize the defendant to

manufacture the Appleby binder with cord-holder, as described, so that the only question presented on this motion is, does the decision of the patent-office in the interference case, under the circumstances disclosed, entitle the complainant to a preliminary injunction?

The complainant urges that the question is *res adjudicata*. I cannot agree to this. While acquiescence in the decision of the patent-office in an interference case might, under some circumstances, raise a presumption of the validity of the patent, and *prima facie* entitle the complainant to protection by injunction, it is far from *res adjudicata*. No court is bound by the decision of the patent-office granting a patent, when immediate steps are taken to test its validity in an action instituted for that purpose, and in an interference case, when the issue is decided, the rights of the defeated party are not prejudiced if he avails himself of the law which virtually transfers the controversy to the courts.

The cases cited by the complainant's solicitor do not sustain the broad rule asserted by him. Should the facts clearly entitle the complainant to a preliminary injunction to prevent irreparable injury, or in other respects, the pendency of a suit under section 4915, Rev. St., will not affect his right to it, and a court appealed to will examine the case for itself, and withhold or grant a preliminary injunction according to the equities presented.

In this case great doubt is expressed by the commissioner of patents of the correctness of the decision of the board of examiners, but he accepts it. The testimony of Appleby's witnesses is not so persuasive as to justify me in following the commissioner's decision, and it is far from satisfactory. True, the testimony shows that Appleby, before Jewell's invention, stated his belief that such an operative machine described in this second claim of the patent as the cord-holder attachment could be made, yet it was the mere possibility of an invention of which he had only a vague conception.

I have fully examined the citation of cases to uphold the complainant's right to an injunction. They all, in which an injunction is granted, proceed upon the ground of acquiescence in the decision of the patent-office. In *Greenwood* v. *Bracher*, 1 Fed. Rep. 856, the priority of invention was awarded the assignor of the complainant, and Bracher failed to take an appeal,—virtually acquiesced. In *Peck* v. *Lindsay*, 2 Fed. Rep. 688, the defendants, being privies to an interference case between Webb and one Shepard, were bound by the adjudication adverse to Webb, which he acquiesced in. All the other cited cases refer to this last decision as sustaining the rule announced therein, and the fact of acquiescence in the adjudication of the patent-office must have existed in each one.

The patent held by complainant, and the decision of the patent-office in the interference, do not make out a case for an injunction, unless the *prima facie* right is fortified by a judicial decree or judgment or acquiescence, neither of which exists. There is a reasonable

doubt, in my opinion, of Appleby's right as the first inventor, and it would be improper to grant an injunction at this time.

Preliminary injunction refused; and it is so ordered.